case on the argument calendar is SNJ Limited versus the Commissioner of Internal Revenue and Council. Excuse me, whenever you're ready. Good morning, your honors. May it please the court Fritz Furman appearing on behalf of the appellants and taxpayers SNJ and Julie and Richie Stevens. Your honor, you don't reserve a statutory notice out of an abundance of caution unless you think that there was a problem with it or you had a very strong suspicion or reason to believe that it wasn't correctly served. But here the service says out of an abundance of caution. They reserved this notice and when they properly served it properly addressed to Richie Stevens on the Eastern Avenue address in Las Vegas, they Mr. Stevens and SNJ filed a timely petition and they didn't get the earlier ones simply because they were not addressed. The first problem is on the truant address in Henderson, Nevada. The parties that were there that that wasn't their address. And but but but the problem Mr. Furman with that argument is there is abundant evidence in the record from from which the court could conclude that in fact, it was your clients address that they had put it on those unfiled 2006 and 2007 returns, they submitted a declaration that er 556 that at all relevant times, this was their legal residence. The Commissioner has the right to rely on other information. So even if they're now saying it wasn't, why isn't the information in the record sufficient to allow a finding to the contrary? Well, Your Honor, the years we're talking about are not 2017 and 2018. The years we're talking about are 2006 and 2008. And they did in fact live at the truant address in 2006 and 2008. And even a little beyond. But in 2017 and 2018, they do not live at truant and nobody is controverted the fact that they didn't live there at the time. Have they given notice to the IRS of their change of address? Technically, I don't think they gave notice. However, they were also involved in two heavily contested and litigated cases. Let's let's let's I want to expose just a little bit. So if they didn't advise the IRS as to where they were, whose responsibility is that to figure out where they're living? If this is the last address in this matter, and I understand you're gonna tell me that there's another matter, and that the IRS might have been able to marry these things up. But that that assumes a lot of sophistication on the part of bureaucracy that isn't always capable of doing such things. That's why that that's why the codes usually put this on the make this the responsibility of of an applying party. Not necessarily in this case, Your Honor, because of how heavily litigated the other case was. And Mr. Rollin thoroughly was the attorney in that case, as well as in this case, and communicated regularly with Mr. Stevens at the eastern address. So they well knew where to find them. He wasn't hiding. In addition, Your Honor, I agree, particularly with the older cases that say, look, the IRS doesn't have to send out the FBI or a marshal to track these folks down, they should let us know where they are. But they didn't know where they were, they sent him a refund. They were actively litigating the other two cases. And so they knew perfectly well where they were. And also where they were in your view, where they've now said they were was Utah, right? Well, Your Honor, they live in Utah. But Dr. Stevens office is the office on Eastern Avenue in and and and my understanding is your complaint with the eastern address is it didn't have his name. It just had the name of the entity. Well, it didn't even have it had the name of the entity. And it just said Fox Matters partner, which nobody would know who that was. This is not a home where if they deliver it to a home. Oh, yeah, that's me. But that's not the case. In this case, Your Honor. Counsel, how many doctors are in the eastern facility? Four to five, or four to five doctors. Yes, that's not, you know, if you get something like that addressed, addressed, that's not too hard to figure out that it is most likely belongs to a doctor rather than one of the other employees. So limited number of people to make an inquiry. This just doesn't feel like that is going to be rocket science to try and match that up. Well, part of the problem is it doesn't say anybody's name. It just says TMP, which certainly a lay person would have little understanding of what that meant. So I think it was difficult to for anybody who opened the mail to figure out how that counsel to to sort of take a version of one of Judge Bybee's prior questions. Did your clients in furnishing the eastern address Eastern Avenue address ever say and by the way, if you send anything to this address, you need to say in addition to the attention of a particular person? No, however, in order to be properly addressed, you have to name somebody, for instance, sir, a Chase Bank, you can't just send it to Chase Bank. And in New York and have that be good service. It's not but but but the the regs or I think it's the regs might be the statute. It requires it be addressed to the tax matter partner. As normally the generic tax matter partner would work, right? Yes, that's what they say. Yes. And so if your clients needed something else for this address, again, wouldn't it have behooved them to say and by the way, please put this particular name on it. Certainly that would have made it much better. When they did put the correct name on it, Richie Stevens and he got that and then he sent the timely petition in in response to that. So when it wasn't properly addressed, they didn't get it. He is not the type of person that ignores statutory notices. He filed a timely petition to the notice that he got. Also, Your Honor, there's a due process issue in that no regardless of what tax court cases say, you've got to give notice reasonably calculated to give notice to the person that you're trying to serve. It's the linchpin of and the cornerstone of our judicial system is notice and a right to be heard and all Dr. Stevens has ever asked for is his day in court. He filed a timely petition after he got notice. He has the deductions and counsel is it is this your opening brief? Make a due process claims here. I don't believe so. Your Honor. Did you want to reserve the rest of your time? Yes, please. Your honor. Okay, we'll hear from the commissioner. Good morning, Your Honor. It's may please the court Pooja Boyster on behalf of the United States. The colloquy that this court just went into with Mr. Furman as to whether or not the commissioner had the correct address for the S&J partnership, all goes to show that S&J never sent the commissioner any updated contact information. And because they never even filed forms 1065, there was nothing from which the commissioner could base in this partnership proceeding, the address with which to reach the S&J partners. And the reason he needed to reach them was because they had claimed a large amount of losses that they then took on their individual tax returns. And so I have an unrelated question that wasn't covered in the petitioners argument that the service has taken the position that the August 1st, 2017 notice is not a notice of the beginning of an administrative proceeding as the term is used in the regs. Am I correct? That the August notice is not. That's right. It was a notice of a summary. Okay. And that in order for the time to be running, there has to be such a notice, right? There would have had to been such a notice. There isn't anything in the record and in- Yes. So I didn't, I didn't see anything in the record as to what document that would be that would start the time running. And I understand that petitioner hasn't raised that issue. But I'm curious, what is it here that actually started the notice running? So for purposes of section 6226, the notice that starts running is a notice of final partnership adjudication, the FPAWS. And that was sent, the first time that that was sent was November 2017. And that- So I'm sorry. So that is in the record, right? Yes, that's in the record. I thought you were asking for the notice of the initial, the start of the- The, the, there has to be a notice of the beginning of an administrative proceeding, right? That's not in the record. So that's not in the record. That is not. The notice of the final partnership adjudication. Yes, but the thing that starts the clock is the notice of the beginning, right? The thing that starts the clock for section 6226 is the FPAWS, not the initial- But under, under 6223, you can't have a proceeding at all, unless you have something that is a notice of the beginning, right? That's right. So what is that here? What is it here that satisfied 6223? If we don't know, it wasn't raised below. And so it's not in the record. But presumably, the fact that we got to the FPAWS means that that notice was also sent. Presumably, but we don't have it. We don't have it. And like you said, it's because petitioners didn't raise any error in that notice. Well, honestly, I would have, given that the service was saying that disagreeing with the petitioners' contention that the August 1, 2017 notice qualified, and the service was saying that didn't, I would have expected the service to put in the document that did. The burden on proving jurisdiction in the tax court at all times was on taxpayers. So to the extent there was any dispute as to the tax court's jurisdiction, it would have been on taxpayers to introduce that evidence. Is there any document, whether it's in the record or not, that you know of that actually did satisfy 6223? No, I think that the closest we get is to that August, it's not the closest we get, but it shows that there was an ongoing proceeding that had already been started, right? That August letter refers to that, the start of it, and refers to a summary report in regards to it. Okay. The Commissioner sent FPAWS at issues in the case, in this case, to the SNJ Partnership based on the best information he had. If that information was outdated or erroneous, which, again, taxpayers admit that the Eastern Avenue address was correct, and that November's 2017 notice was sent to the Eastern Avenue address. As you guys just discussed, it was sent to the tax matters partner, not just TMP, it was sent to the tax matters partner of SNJ at the Eastern Avenue address. The tax court has said in Tomp Associates that such a generically addressed notice suffices. All that the notice must give is a determination of final adjustment of partnership return, and that notice did that, and it specifically delineated that it applied to SNJ. That was all that was required of the Commissioner in that first notice. To the extent there was a mix-up or the Commissioner had it wrong, as we've just discussed, the onus at all times was on taxpayers to update their information. They did not do that. And because that first set of notices were valid, the second set of notices were invalid under Section 6223. Yeah, but you sent the second set of notices. We did. And so why did you send the second set of notices? So it's not clear through the record that we have here. It appears to have been correcting minor mistakes in the name of a partnership that was given in the attachments to the notice, not the notice itself. So you misnamed the partnership in the text of the notice. Not the text of the notice, Your Honor, in the attachments to the notice. And the attachments. The first page of the notice specifically says, Tax Matters Partner of SNJ. So why shouldn't that start the statute all over again? You guys did this. The taxpayer didn't do it. You did. You decided there was something wrong. You sent a second notice. Why shouldn't the statute run from that date instead of the date where you admittedly made a mistake? Yeah, and we take the point that there was some sort of mix up there. And although we tried to fix it, and if that was well intentioned, we still stand for the point that the IRS was not authorized because of Section 6223F, which says only one notice can be sent. Okay, so you made the mistake and now the taxpayer pays. But we never made a mistake in what the notice was supposed to do. That first notice was valid. There was nothing erroneous in that first notice that didn't start ticking the clock. And that's why you sent the second notice. We sent the second notice. We're not sure why. We don't have exactly that information in the record. There was an error that we tried to fix, but it was still nothing we were authorized to do, even if that second notice was perfect. But if we take the date of the second notice, then the petition is timely filed, correct? That would be the case, yes, Your Honor. These questions about whether or not it's fair for the taxpayers to not have jurisdiction, to not get their time in court because of the first set of notices and the second set of notices subsequently being sent, would all go to this question of equitable tolling. There are a few reasons we think equitable tolling is not available here. First, this is a jurisdictional statute. Pursuant to this court's decision in Organic Cannabis and Duggan, everything in the text of this statute points to it being jurisdictional. It uses that magic word, jurisdiction, and it directly ties it to the deadlines in the section itself. Equitable tolling is also not available here because the first time taxpayers raised that argument was on appeal. They did not raise it below. Third, even if this court thinks that section 6226 is not jurisdictional, it does not allow for equitable tolling. Explicitly, it does not say anything about equitable tolling. And implicitly, there is no room to say that Congress wanted tolling here. It talks about the 90 and 60-day timelines repetitively. In fact, a notice partner cannot file a petition in that 90-day period when only the tax matters partner can do it. So this is a very technical statute that turns on the timelines that are provided therein. Finally, even if equitable tolling were something that were allowed by the statute, taxpayers have not shown that it's allowed here, where they cannot show that they actively pursued their judicial remedies or that they were induced or tricked into allowing the timeline to lapse. Well, counsel, I think that's maybe a bit of a stretch. The taxpayers certainly could have filed more quickly and tried to see why, if they got the first notice, why there was a difference in time. But I think the reasonable person on getting the second notice would assume that the IRS acted correctly and time it from there. So to the extent we got to whether equitable tolling is here, I think the taxpayers have a much better argument on that than the argument that the service should have known that the Troon address was no good. Well, the argument I think we have in our favor, Your Honor, is that there was no communication from S&J as to how to reach them. They wanted to take these losses on their individual returns. They never filed the necessary forms for their partnership in which they could validate or explain those losses. And they never got in touch with the IRS as to how to reach them in regards to that partnership. That to us shows they were not actively pursuing their judicial remedies. But counsel, counsel for the partnership says that there was ongoing other litigation with the same trial attorney in Las Vegas, and that we could have easily married up some documents to find out precisely where they were. In other words, you knew where to find them from the other litigation. Do you have a response to that? Yes, we did. We used the addresses that they provided in those proceedings. The Eastern Avenue address was exactly what taxpayers used in those proceedings. And the unfiled forms... Were they using the tax matters partner on those documents as well? Were they using Dr. Stevens' name? I don't know. We don't have those documents in the record, but I don't think so because those came up in their individual tax liability context. So it wasn't directly related to the partnership. But the documents that they did file relating to the partnership, the forms 1065, showed the Troon address, which was the other address we also provided notice to. All right. Thank you, counsel. Mr. Truman, you have some time left. Yes. Thank you, Your Honor. What's glaringly absent in the IRS's motion to dismiss the underlying tax court proceeding is a declaration from the person that sent out the second notice as to why they sent out the second notice. They knew something was wrong with it, and they, to their credit, tried to correct it. So where's the declaration that says why? Also, the exception to the rule about you can only send one notice is in the case of fraud or malfeasance. And certainly, we're not alleging fraud here, and I don't think there's any evidence to support that. But certainly, there's potentially malfeasance because it's broadly and comprehensively defined. So when you have a problem with a critical statutory notice when it's wrong, and you have to send out a new notice to correct the mistake, I think that falls within the broad ambit of malfeasance. So I think it does fit into the exception as to why you can't have a second notice. And so the reality is my client didn't get the first notice. When they didn't get the correct notice, they promptly filed their petition. And you can't just send a notice to a building. You've got to put a name on it in order to effectively give notice, which is critical to due process in this case, that the person actually get notice and have an opportunity to be heard. And that's all we're asking for is an opportunity to be heard. We'll prove up the losses. And had the IRS never sent that notice to the wrong address, we certainly wouldn't be here. They do defend themselves. Why don't you finish up, counsel? Your Honor, they do adequately defend themselves. And Mr. Thorley was intimately involved in this case and the other cases, which are 2013 and 2015 tax cases. They've been going on since then. So I don't think the IRS can bury its head in the sand and say, well, we didn't know they knew. I think we have your argument, counsel. So we thank both counsel for their argument. And the case just argued will be submitted.
judges: BYBEE, BENNETT, Bataillon